United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Juliet Arthur, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-21014-Civ-Scola |
| Circuit Court of the 11th Judicial | ) |
| Circuit and others, Defendants. | ) |

### Order Dismissing Case

This matter is before the Court upon Plaintiff Juliet Arthur's motion to proceed *in forma pauperis*. (ECF No. 3.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** Arthur's motion to proceed without prepaying her costs (**ECF No. 3**), but **dismisses her case, with prejudice**, upon initial screening, in accordance with 28 U.S.C. § 1915(e).

Under 28 U.S.C. § 1915(e)(2), a court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on factual allegations which are "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Arthur is a pro se litigant.[1] As such, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (cleaned up). While, on the one hand, "wildly implausible allegations in the complaint should not be taken to be true," at the same time, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." *Id.* In any event, when determining whether to dismiss, the allegations of a complaint and attachments are taken as true and are construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). And, ultimately, a "dismissal for failure to state a claim

---

[1] Arthur says she is an attorney, but according to the Florida Bar's website, it does not appear she is currently eligible to practice law in Florida.

under the early screening provision is no different from a dismissal under Federal Rule of Civil Procedure 12(b)(6)": "It is on the merits and with prejudice." *White v. Lemma*, 947 F.3d 1373, 1376–77 (11th Cir. 2020) (cleaned up).

Regardless of how charitably the Court construe's Arthur's complaint, the precise contours of her allegations are nonetheless impossible to discern. She captions her pleading "Writ of Quo Warranto & Removal" and, in support of the Court's jurisdiction, points to "fundamental treason," "overthrowing laws of the U.S.," "Garrison sham tribunal, paid with Legal Tender Act," "*Milligan* treason trials," and "resistant corruption while in state office with federal note being used as legal tender to pay for their corrupt practices." (Compl. at 3.) Then, within her pleading, she mentions a number of grievances including complaints that "the circuit judges are out of order[,] operating kangaroo tribunals"; and "Defendants," including her son, "lack[] adequate representation." (*Id.* at 6.) She also expresses what appears to be some sort of antisemitic rant, targeting court personnel as well as the United States Attorney. (*Id.* at 6–7.) Much of Arthur's complaint is unintelligible and is largely devoid of factual allegations at all, never mind facts associated with any viable cause of action.

At bottom Arthur's complaint fails to meet the standard for plausibility articulated in *Iqbal* and *Twombly*. It does not include sufficient factual matter, accepted as true, that would allow the Court to reasonably infer what her claim or claims for relief against the Defendants may be. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). Even under the relaxed pleading standard afforded to pro se litigants, Arthur's pro se complaint fails to state a claim for which relief may be granted. *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005).

The screening provisions of 28 U.S.C. § 1915 also authorize courts to dismiss claims "at any time if the court determines [the action] is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(1). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d at 1349 (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). "Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted." *Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990) (citing *Neitzke*, 490 U.S. at 327–28). "To this end, the statute accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district

judges are all too familiar." *Neitzke*, 490 U.S. at 327. "The frivolousness determination is a discretionary one." *Denton v. Hernandez*, 504 U.S. at 33.

Arthur's allegations are also "an archetype of fantastic or delusional scenarios" and merit dismissal as factually frivolous. *Awala v. Gold*, No. 08-20248-CIV, 2008 WL 540687, at *1 (S.D. Fla. Feb. 25, 2008) (Cooke, J.) (cleaned up); *see also Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."); *Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (approving the district court's sua sponte dismissal of a complaint that presented "a far-fetched scenario based on assertions of a massive conspiracy to monitor" the plaintiff); *Biton v. Holder*, No. 10-61038-CIV, 2010 WL 4925799, at *1 (S.D. Fla. June 23, 2010) (Moreno, J.) (dismissing a complaint where there were "no credible factual allegations accompanying the claims"). The Court therefore dismisses Arthur's complaint on this additional basis.

Accordingly, the Court **grants** Arthur's motion to proceed *in forma pauperis* (**ECF No. 3**), but **dismisses** her case and the complaint (ECF No. 1) with prejudice. The Clerk is directed to **close** this case, and any pending motions are **denied** as moot.

**Done and ordered** at Miami, Florida, on April 5, 2022.

Robert N. Scola, Jr.
United States District Judge